*1386 OPINION.
Black:
The petitioner’s principal contention is that the respondent erred in treating the Stockholders Investment Fund as a separate taxable entity; that it was really a part of petitioner’s business ; that instead of being a separate entity it was only a department of the Farmers & Merchants Bank; and that its losses on the bad paper transferred to it by the bank were in fact the losses of the bank. We can not accept this view. These losses were ultimately the losses of the shareholders of the Investment Fund and merely because they happened to be the same persons as the stockholders of the bank does not make their losses the losses of the bank. In fact the bank, as a corporate entity, was the gainer by the transactions. It traded bad paper for good. There can be no question, we think, that the Stockholders Investment Fund was a separate taxable entity. It had its own capital stock of $100,000, which was set up from dividends regularly declared and paid by the Farmers & Merchants Bank. These dividends, when declared and paid by the bank, were no longer the property of the bank. They became the property of the stockholders and the mere fact that the, agreement setting up the Stockholders Investment Fund provided that ownership in its property should always be in proportion to ownership of shares in the bank did not operate to change the character of the new institution. Of course the arrangement evidenced by the agreement set out in our findings of fact created a very close affiliation between *1387 the bank and the Investment Fund, but this close affiliation did not make them one and the same taxable entity. The bank remained a corporation and the Investment Fund became an association taxable as a corporation. For a period of seven years the Investment Fund was operated successfully. Dividends were paid to its shareholders and in addition a substantial surplus was accumulated. During this period the petitioner in making its income tax returns contended that the Stockholders Investment Fund should be treated as a separable taxable entity. Early in 1923 the petitioner found itself in difficulties with the Washington State Banking Department. It was instructed to either charge off or dispose of notes aggregating a large amount. The charging off of this amount would have so impaired the petitioner’s capital that an assessment on its stockholders would have been a necessity. Instead of making the assessment, substantial amounts of the criticized assets were exchanged ior good assets of the Stockholders Investment Fund. This method of handling bad assets was continued until December of 1924, at which time all the assets of value of the Stockholders Investment Fund, with the exception of three cents, had been used to take over bad assets of the petitioner. But the loss of the Stockholders Investment Fund in 1924 was not the loss of petitioner, and therefore is not such a loss as it has a right to carry forward and use as a deduction in determining its own net income for 1925. Brighton Corporation, 16 B. T. A. 945. From the evidence it appears that-the Stockholders Investment Fund was liquidated in December of 1924. Nothing further remained to be done but dispose of the balance of three cents and pass a formal resolution of dissolution, both of which acts were performed on January 18, 1925. Under this state of facts the Stockholders Investment Fund, an association taxable as a corporation, transacted no business as a corporation in 1925 and was therefore not required to file a return in 1925 and did not do so. Accordingly, the respondent was correct in holding that for the year 1925 the petitioner and the Stockholders Investment Fund were not entitled to file a consolidated return, and petitioner is not entitled to bring forward into 1925 the statutory net loss of the affiliation in 1924.
The remaining assignment of error is that the respondent was in error in refusing to allow the petitioner to deduct from gross income for 1925 its own statutory net losses for 1924, which have been stipulated to be $10,855.69. Section 206 (b) of the Revenue Act of 1926, applicable to the taxable year 1925, provides:
If, for any taxable year; it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called “ second year ”) * * *.
*1388 Section 206 is a relief provision designed to alleviate hardship resulting from the imposition of a tax on the income received in one year in those cases where a taxpayer suffers a loss in the preceding year. This relief is by the express terms of the statute given to “ any taxpayer ” who has suffered a “ net loss ” in the preceding j^ear. For the year 1924 the respondent computed the tax of the petitioner and the Stockholders Investment Fund on the consolidated basis and their consolidated net loss was $49,880.34. Of this consolidated statutory net loss it has been stipulated that $39,024.65 represented the net loss of the Stockholders Investment Fund and $10,855.69 represents the statutory net loss of the Farmers & Merchants Bank. Respondent has refused to allow petitioner to bring forward into 1925 the consolidated statutory net loss of $49,880.34, because the corporation and the association were not entitled to file a consolidated return, the association having ceased to do business in 1924 and having been dissolved early in 1925. In this action we think respondent has committed no error. Respondent has likewise refused to allow petitioner to bring forward its own statutory net loss for 1924, citing as authority for such action American La Dentelle, Inc., 1 B. T. A. 575. The respondent contends that the above cited case is authority for the proposition that a loss sustained by a corporation during a year in which it formed a part of an affiliated group may not be taken as a deduction in the succeeding year, when not a member of the affiliated group. We do not think the case cited supports the contention of the respondent. We agree that when the affiliation ceases the taxpayer may not bring forward as a deduction in determining its own net income for the succeeding year the consolidated statutory net loss of the affiliated group, but where the facts show, as in this case, that both members of the affiliated group had statutory net losses for the prior year and that the net loss of the taxpayer was not used in such prior year to offset income of the other members of the affiliated group, we think it would be a strained construction of section 206 of the. Revenue Act of 1926 to sajr that petitioner would not be permitted under such circumstances to bring forward its own statutory net loss for 1924, and use it as a deduction in determining net income for 1925. In Alabama By-Products Corporation et al., 16 B. T. A. 1073, we said:
“ Each individual corporation is a taxpayer and the same taxpayer, regardless of the fact that for one year it is and for another year it is not affiliated with other corporations.” Accordingly, the respondent was in error when he refused to allow the petitioner to deduct its own statutory net loss of $10,855.69 for the year 1924, in computing its net income for the year 1925. No such apportionment as *1389 outlined in Kaiwiki Sugar Co., 21 B. T. A. 997, is required in this proceeding because both members of the affiliated group in the preceding year had statutory net losses.
Reviewed by the Board.

Judgment will Toe entered under Bule 50.